# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SARIAH M. ROYAL,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | CIVIL ACTION<br>FILE NO. 4:22-cv-00250-WMR |

## AFFIDAVIT OF KEVIN KESTERSON IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Kevin Kesterson, who, after being duly sown, states under oath personal knowledge as follows:

1. I am a Vice President, Business Analysis Manager for JPMorgan Chase Bank, N.A. ("Chase"). I have been employed with Chase since 2012. My responsibilities since 2022 have included a review of Fraud related claims and disputes.

2. In my capacity as Vice President, Business Analysis Manager, I have access to information in the normal course of business regarding certain of Chase's banking operations and practices, I have access through Chase's system to

information and documents relating to Chase accountholders, including Plaintiff Sariah M. Royal ("Plaintiff"). Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of Chase business records, maintained by Chase in the ordinary course of business, and my knowledge as a Vice President, Business Analysis Manager with Chase. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

3. In May 2021, Plaintiff opened two accounts with Chase: (1) a college checking account with an account number ending in 2592 ("Checking Account"); and (2) a savings account with an account number ending in 3900 ("Savings Account").

4. On or around January 22, 2022, Plaintiff called Chase's customer service center to dispute several transactions made from Plaintiff's Checking Account.

5. Plaintiff called Chase at least four times in order to report disputed transactions—each of which was investigated as a separate claim.

6. The first dispute was in regard to two transactions, totaling $4,183.00, occurring on December 31, 2021 and January 3, 2022.

7. Plaintiff and/or Plaintiff's mother informed the representative that Plaintiff's card was lost.

8. In response, the representative asked Plaintiff to identify the last date in which she had used her card.

9. Plaintiff informed a representative that the last date that she used her card was on December 6, 2021.

10. During its investigation of these two transactions, Chase found that Plaintiff had not disputed all the card transactions performed after the date she claimed to have last used her card.

11. Chase also concluded that Plaintiff received a text message and email alert, initially blocking the transactions until Plaintiff confirmed their validity; and that Plaintiff replied via text message to confirm that the transactions were valid.

12. Chase reviewed the phone number utilized to affirm these transactions and confirmed that it matched Plaintiff's phone number on file.

13. Chase also examined the funding of these transactions and found that Plaintiff did not dispute those transactions, transferring the money from her Savings Account to her Checking Account to fund the disputed transactions, and that Plaintiff previously transferred money from her Savings Account to her Checking Account to fund transactions.

14. Based on these findings, Chase concluded that the two transactions were not in error.

15. On January 24, 2022, Chase notified Plaintiff that it had completed its investigation into the dispute and concluded that the transactions were authorized. dispute. A true and correct copy of that correspondence is attached to this Affidavit as Exhibit A.

16. In the second call, Plaintiff disputed seventeen transactions, totaling $8,535.00.

17. The representative from Chase asked Plaintiff the last transaction in which she had utilized her card.

18. Plaintiff indicated that the last transaction occurred on December 22, 2021.

19. In its investigation of these seventeen transactions, Chase assessed Plaintiff's prior inconsistent statements as to the date in which the last authorized transaction had occurred.

20. Chase also reviewed the funding of the transactions and found that Plaintiff did not dispute the transactions transferring the money from her Savings Account to her Checking Account to fund the disputed transactions.

21. On January 26, 2022, Chase notified Plaintiff via written correspondence that it had completed its investigation and found that the transactions were not in error. A true and correct copy of that correspondence is attached to this Affidavit as Exhibit B.

22. The third call sought to dispute fifteen transactions conducted using Apple Cash.

23. On this call, Plaintiff informed the Chase representative that the transactions were unauthorized.

24. These fifteen transactions totaled $9,785.00.

25. Chase investigated these fifteen transactions, beginning on January 22, 2022.

26. Chase reviewed the funding of the transactions and found that Plaintiff did not dispute the transactions transferring the money from her Savings Account to her Checking Account to fund the disputed transactions.

27. Chase also found that Plaintiff had failed to dispute the validity of the transactions when notified via text message and email from Chase.

28. On January 25, 2022, Chase notified Plaintiff via written correspondence that it had completed its investigation and concluded that the transactions were not in error. A true and correct copy of that correspondence is attached to this Affidavit as Exhibit C.

29. During the fourth call, Plaintiff disputed fourteen QuickPay transactions, initiated through Zelle, on the basis that the transactions were unauthorized.

30. These transactions totaled $12,517.91.

31. During its investigation into these fourteen transactions, Chase reviewed the historical use of Plaintiff's online profile.

32. Specifically, Chase found: (i) no new devices were added to Plaintiff's account; (ii) the same device had been utilized in Plaintiff's prior log-ins; (iii) the service provider was consistent with Plaintiff's prior usage; and (iv) there were no log-in failures or attempts to change Plaintiff's password.

33. Chase also found in looking at the geographic location of the IP address utilized in each of the transactions was consistent with Plaintiff's geographic location.

34. Chase also examined Plaintiff's transaction history, finding that Plaintiff had previously used the Zelle application to initiate transfers.

35. Chase reviewed Plaintiff's use of other identification procedures and concluded that Plaintiff had used facial identification software to access Chase Online platform to initiate the transactions.

36. On January 31, 2022, Chase provided Plaintiff with written correspondence, noting that it had completed its investigation and concluded that the transactions were not in error. A true and correct copy of that correspondence is attached to this Affidavit as Exhibit D.

37. On February 8, 2022, Plaintiff again called Chase's customer service system to reassert the four prior disputes.

38. Plaintiff informed the Chase customer service representative that she wished to reopen the dispute on the basis that her phone had been hacked.

39. In response, Chase's customer service representative asked Plaintiff to provide additional documentation to support her claim.

40. Plaintiff did not provide any subsequent documentation or information to Chase.

41. Chase reopened the dispute and conducted another investigation of the four disputes.

42. During this investigation, Chase found that geographic area of the IP address used to initiate the transfers matched the Plaintiff's geographic area.

43. Chase found that Plaintiff had previously logged into the Chase online banking platform utilizing the same device identification; that Plaintiff had previously made transactions utilizing the same device identification; and that Plaintiff had previously conducted an undisputed transaction to one of the same recipients.

44. Chase found that no triggers indicating that Plaintiff's phone had been fraudulently accessed were present, as the contact information had not been updated, the passwords had not been changed, and a log-in failure did not occur.

45. Chase also evaluated Plaintiff's use of facial identification to login to her Chase banking application prior to initiating the transfers.

46. Based on these findings, on February 25, 2022, Chase informed Plaintiff via written correspondence that its investigation was complete and that it had not found the transactions to be in error. A true and correct copy of that correspondence is attached to this Affidavit as Exhibit E.

47. Each of Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E is a business record made in the ordinary course of business at Chase, and it was the regular course of Chase to make each such record by a person with knowledge or a computerized system recording the information at or near the time of the event described, or from information transmitted from a person with knowledge of the act, transaction, occurrence, or event at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

**FURTHER AFFIANT SAYETH NOT.**

Executed this 20 day of October 2023, at Columbus, OH.

_____
Kevin Kesterson

Subscribed and sworn before me this 20 day of Oct., 2023

Heather R. Sears
Notary Public    Heather R Sears
My Commission Expires:   June 23, 2026