# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| SARAH M. ROYAL,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, N.A.,<br><br>Defendant. | Civil Action File No.:<br>4:22-cv-00250-WMR |

## ORDER

This matter is before the Court on Defendant J.P. Morgan Chase Bank, N.A.'s ("Chase") Motion for Summary Judgment [Doc. 18]. After review, the Motion is **GRANTED**.

### I.  Background

Plaintiff and her mother, Tiffany Smith, disputed transactions totaling $35,133.00 on Plaintiff's bank accounts with Chase. [Doc. 18-3 at 3]. Chase conducted investigations into the challenged transactions, determined that they were all initiated by Plaintiff, and notified Plaintiff of its determination within ten days of her complaints. [*Id.* at 4–7]. The relevant disputes were initiated during four calls, all occurring on January 22, 2022. [*Id.* at 3]. First, Plaintiff challenged card transactions totaling $4,183.00. [*Id.*]. Plaintiff specifically said that her card was lost on December 6, 2021, and disputed two transactions on December 31, 2021, and

1

January 3, 2022. [*Id.* at 3–4]. In concluding that Plaintiff authorized the transactions, Chase noted that Plaintiff did not challenge all of the transactions made after she allegedly lost her card, Plaintiff confirmed the validity of multiple transactions after she allegedly lost her card on Chase's text alert system to Plaintiff's phone, and Plaintiff transferred money from her savings account to her checking account to effectuate the transactions. [*Id.*].

Second, Plaintiff challenged seventeen card transactions totaling $8,535.00. [*Id.* at 5]. This time, Plaintiff alleged that she last used her card on December 22, 2021. [*Id.*]. When concluding that these transactions were not in error, Chase noted Plaintiff's prior inconsistent statements regarding her lost card and her failure to dispute her transfer of money to fund the disputed transactions. [*Id.*].

Third, Plaintiff called to dispute $9,875.00 of transactions completed with Apple Cash. [*Id.* at 6]. Chase again noted Plaintiff's failure to dispute the transfer of money to fund the transactions. [*Id.*]. Chase also noted that Plaintiff was sent text message and email alerts from Chase regarding the transactions and failed to deny the validity of the transactions. [*Id.*].

Last, Plaintiff disputed fourteen additional transactions initiated through Zelle totaling $12,517.91. [*Id.*]. Chase noted that the device that initiated the transaction was consistent with Plaintiff's historical use of Zelle, that there were no attempts to change Plaintiff's password or failed log-in attempts, that the IP address was located

in the same geographic area as Plaintiff's previous transactions, that Plaintiff used her facial identification to access the application, and that she had previously authorized Zelle payments to the same recipients. [*Id.* at 7].

On February 8, 2022, after being informed of Chase's investigation, Plaintiff again called Chase to dispute the transactions. [*Id.* at 7]. This time, Plaintiff alleged that her phone had been hacked. [*Id.*]. Chase conducted a second investigation and noted that the IP address used to initiate the transfers matched Plaintiff's geographic area; that Plaintiff used her usual log in information, including facial recognition; that Plaintiff had previously authorized transactions to one of the same recipients; and that there were no indications that Plaintiff's phone was hacked (i.e., no log-in failures, contact information updates, or changed passwords). [*Id.*]. After being informed of Chase's decision, Plaintiff initiated this lawsuit, alleging violations of the Electronic Fund Transfer Act ("EFTA"). [Doc. 1].

## II.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is proper when the record evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if evidence suggests a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue of

fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1259 (11th Cir. 2004).

The moving party bears the burden of demonstrating that there is no genuine issue of material fact that should be decided at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the moving party carries the initial burden, then the burden shifts to the non-moving party to demonstrate that there is an issue of material fact that precludes summary judgment. *Id.* Plaintiff failed to respond to Defendant's motion. However, regardless, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). Likewise, the Court still must view the evidence and any inferences that may be reasonably drawn in the light most favorable to the non-movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970).

The Court also recognizes that Plaintiff is appearing pro se. Thus, her Complaint is more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and punctuation omitted); *see also Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). But that leniency does not exempt a plaintiff from compliance

with the threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 83 (11th Cir. 1998). Nor does this leniency require or allow courts to "serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

### III.  Discussion

Plaintiff alleges that Chase violated the EFTA by failing to "provisionally credit Plaintiff's account," failing to "conduct good faith investigations" into the alleged unauthorized transactions, failing to "provide Plaintiff reasonable access to Chase customer service," failing to "provide Plaintiff with meaningful assistance when she was able to reach customer service," and concluding that the transactions were authorized. [Doc. 1 at 6–7]. When a consumer complains of an unauthorized transaction, a "financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within two business days." 15 U.S.C. § 1693f(a). In other words, the EFTA "requires banks to follow one of two paths in response to [ ] an alleged error on an account: (1) to investigate and correct the error if an unauthorized transfer has occurred, or (2) to investigate and inform the customer that no error occurred if the transfer was authorized by the customer." *Merisier v. Bank of Am., N.A.*, 688 F.3d 1203, 1209 (11th Cir. 2012) (emphasis omitted). A transaction

"does not become an 'error' simply because a customer later disputes it," rather, relevant here, an error occurs where an electronic transfer is "initiated by a third party without actual authority to do so and from which the customer derives no benefit." *Id.* at 1210 (citing 15 U.S.C. §§ 1693a(12), 1693f(f)(1)). "[T]he burden of proof is upon the financial institution to show that the electronic fund transfer was authorized." *Id.*

Chase has complied with the EFTA here. It conducted two thorough series of investigations into the alleged unauthorized transactions, cited to specific reasons for its conclusion that Plaintiff authorized the transactions, and informed Plaintiff of its decision within ten days of her complaints. Furthermore, the Court agrees with Chase that the evidence leads only to a conclusion that the transactions were authorized by Plaintiff. *Cf. Merisier*, 688 F.3d at 1210 ("Although EFTA may place the burden on banks to show that claims are unauthorized before denying claims, [the plaintiff's] transactions were authorized as a matter of fact."); 15 U.S.C. § 1693g(b).

With regard to the disputed credit card transactions, Plaintiff provided inconsistent statements regarding when she lost her card, did not challenge all transactions after she allegedly lost her card, confirmed the validity of multiple transactions on Chase's alert system, transferred money from her savings account to pay for the card transactions, and did not dispute the transfer of money from the

6

savings account. [Doc. 18-3]. Regarding Plaintiff's Apple Cash payments, Plaintiff again transferred money from her savings account to fund the transactions and failed to deny the validity of the transactions despite text and email alerts from Chase. [*Id.*]. And, regarding the Zelle transactions and Plaintiff's allegations that her phone was hacked, the transactions occurred after Plaintiff used her facial identification to access the application, occurred within the same geographical area as Plaintiff's previous transactions, were to individuals that Plaintiff had previously authorized transactions to, and there were no indications that Plaintiff's phone was hacked. Notwithstanding that Plaintiff has failed to put forth any evidence that the transactions were unauthorized, these facts lead only to a finding that the transactions were authorized by Plaintiff. The Court therefore determines that Chase has carried its burden to show that the withdrawals at issue were authorized. *See* 15 U.S.C. § 1693g(b). Accordingly, Chase's Motion for Summary Judgment [Doc. 18] is **GRANTED**.

    IT IS SO ORDERED, this 3rd day of April, 2024.

*/s/ William M. Ray, II*
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE